IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02473-REB-BNB

JAMES RALPH DAWSON, JR.

Plaintiff,

v.

JAMES GREEN, and
CHRISTOPHER HACHEY,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

I respectfully recommend that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment.

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. The Order states, in part, the following:

> However, although he need not pay an initial partial filing fee, Mr. Dawson remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is
>
> ORDERED that the plaintiff is granted leave to proceed pursuant to 28 U.S.C. § 1915. It is
>
> FURTHER ORDERED that Mr. Dawson may proceed without payment of an initial filing fee. Mr. Dawson remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is

> FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Mr. Dawson shall make monthly payments to the Court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Dawson is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is
>
> FURTHER ORDERED that if Mr. Dawson fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the amended Prisoner Complaint may be dismissed without prejudice and without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 7, issued 12/17/07], pp. 2-3.

Section 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. <u>Harris v. Colorado Dept. of Corrections</u>, 2000 WL 33193816 *1 (D. Colo. December 19, 2000).

On January 23, 2008, the plaintiff submitted one payment in the amount of $8.00 [Doc. #14]. As of August 6, 2008, the plaintiff had not submitted payments or shown cause why he could not for the months of February, March, April, May, June, and July 2008. Consequently, I ordered the plaintiff to either make the required monthly payments for February, March, April, May, June, and July 2008, or show cause why he could not. *Order to Show Cause* [Doc. #21]. In addition, I stated the following:

> It is not acceptable for plaintiff to meet his monthly obligations

>only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, on or before the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

Id. at pp. 2-3.

I warned the plaintiff that if he failed to comply with this requirement, I would recommend that the case be dismissed for failure to comply with the show cause order [Doc. #21] and with the order allowing him to proceed *in forma pauperis* [Doc. #7]. Id. at p. 3. I also warned him that failure to comply with the show cause order could result in sanctions, including dismissal of this action. In addition, the order granting him leave to proceed *in forma pauperis* states that "if Mr. Dawson fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the amended Prisoner Complaint will be dismissed without prejudice and without further notice." *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 7], p. 3.

In response to my show cause order, the plaintiff submitted a copy of his trust fund account statement which shows the income credited to his account for the months of February, March, April, May, June, and July 2008. The statement reflects the following:

1. In February, $11.36 was credited to the plaintiff's account. Therefore, he was required to pay 20% of this amount, or $2.27, toward his filing fee.

2. In March, $12.60 was credited to the plaintiff's account, requiring a payment to the Court of $2.52.

3. In April, the statement shows a total of $102.60 credited to the plaintiff's account, requiring him to pay $20.52 toward his filing fee.

4. In May, $78.80 was credited to the account. The plaintiff should have paid $15.76 toward his filing fee.

5. In June, $53.20 was credited to the account, requiring a payment to the Court in the amount of $10.64.

6. In July, $122.60 was credited to the account. The plaintiff was therefore required to pay $24.52 toward his filing fee.

The plaintiff asserts that he owes the Court a total of $20.12 toward his filing fee. His calculations, however, are flawed. He erroneously bases his arguments on his monthly account balances--after his discretionary spending--not on the amount of income credited to his account each month. When his fee is calculated using the amount credited to his account from January through July 2008, the plaintiff owes a total of $76.23.

The plaintiff argues that various sums of money should not count toward his calculations because that money was spent on "legal access"; "prison medical charges"; "legal copies"; "legal

4

mail"; "postage"; and "copying fees"; and on assisting another prisoner with his post-conviction proceedings. The plaintiff, however, has been cautioned that he is to make his filing fee payments "at the time his account is credited, before [he] engages in other, discretionary spending." *Order to Show Cause* [Doc. #21], p. 2.

The plaintiff seeks an additional thirty days to pay $20.12 to the Court because "the copies and postage cost of this pleading is $30.00 dollars. Colorado DOC has increased its copying cost 500%. Legal copies are now 25 [cents] a page. Therefore, the Plaintiff will have to ask someone to pay the fee for him." I note that the plaintiff has included with his response 19 pages of documents which are not relevant to a showing of good cause for failure to make his payments. Thus, he has unnecessarily incurred copying expenses and postage fees for these pages. Moreover, as discussed above, the plaintiff is in arrears for $76.23, not $20.12.

Finally, the plaintiff did not make a payment or show cause why he cannot for the month of August. Rather, he submitted a copy of his account statement which shows that $68.00 was credited to his account in August 2008 [Doc. #26]. He did not submit a payment to the Court for 20% of this amount.

Before recommending dismissal of a case as a sanction, I have considered the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003).

I find that any prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the Court's orders is minimal and, without more, would be insufficient to warrant dismissal. I note, however, that the purpose behind requiring prisoners to pay their filing fees is to deter frivolous litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, like the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

With regard to the second factor, the plaintiff's failure to comply with Court orders has caused disruption to the judicial process. Instead of attending to the merits of this case and others, I have been required to devote attention to this plaintiff's failure to comply with court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially interferes with the ability of the court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for failing either to make his payments or show cause why he cannot in compliance with the court's order.

The plaintiff has had ample warning that his case would be dismissed for noncompliance with the payment or reporting requirements, beginning with the order granting leave to proceed *in forma pauperis*, which stated:

> [I]f Mr. Dawson fails to have the appropriate monthly payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the amended Prisoner Complaint <u>may be dismissed without prejudice</u> and without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 7] at pp.2-3 (emphasis added).

Finally, I conclude that no sanction less than dismissal without prejudice would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from the plaintiff's failure to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the Court's orders of December 17, 2007, and August 6, 2008.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A

party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 22, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge